IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES WARREN,

    Plaintiff,

  v.

MR. TEMPEST, Chief of Police;
WILLIAM FUSCO, Police Officer; and
MS. KOPKO, Police Officer,

    Defendants.

12cv1409

Chief Magistrate Judge Lisa Pupo Lenihan

**MEMORANDUM ORDER**

**I. Nature and Posture of Case**

Before the Court is Defendants' April 2, 2013 Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (ECF No. 22).

On October 3, 2012, Plaintiff initiated this civil rights lawsuit against the Defendants by his Complaint (ECF No. 5) alleging that on November 26, 2010 the police officers were called to his residence for a domestic dispute, assaulted him and broke his ribs, then took him to the County jail, and declined to provide medical treatment at any time. The Complaint, which is the subject of the pending Motion to Dismiss, specifically alleges deprivation of Plaintiff's 8th and 14th Amendment rights.

The pending Motion correctly asserts that Defendants are entitled to a more definite statement under Rule 12(e) "if a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." It also correctly asserts that no Eighth

Amendment claims can be maintained where Plaintiff was not incarcerated at the time of the alleged excessive force. And the Motion correctly asserts that no Fourteenth Amendment claim has been stated where there is no allegation of any due process violation within it.

This Court's Initial Order of April 15, 2013 directed Plaintiff to respond to Defendants' Motion or file an Amended Complaint on or before April 29th. Plaintiff did neither and on April 29th was granted an extension of time to May 20, 2013. As of this date, no response or Amended Complaint has been filed.

## II. Standard of Review

A Motion to Dismiss under Fed. R. Civ. Proc. 12(b)(6) is an appropriate means of challenging the legal sufficiency of the Complaint. See, *e.g.*, Sturm v. Clark, 835 F.2d 1009, 111 (3d Cir. 1987). It is to be granted only where the Complaint fails to set forth facts stating "a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). See also Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57). In Iqbal, the Supreme Court further explained that "[t]he plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Shortly therafter, in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit described the Rule 12(b)(6) standard as requiring that civil complaints set out "sufficient factual matter" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler, 578 F.3d at 210 (quoting Iqbal). And it set forth the following two-prong test:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal

> conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts. . . . This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'

Fowler, 578 F.3d at 210-11 (citations omitted).

The Court also observes that *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted); Haines v. Kerner, 404 U.S. 519 (1972).

## III. Conclusion

Even viewed in light of the forgoing liberal pleading standards, and with all due further consideration given to Plaintiff's *pro se* status, this Court finds that the circumstances underlying the cause of action, as reflected in the factual allegations of the Complaint, could not support a claim under the Eighth Amendment (*see* discussion *supra; see also* Defendants' Motion at pp. 4-5) and, accordingly, Defendants' Motion to Dismiss will be granted as to that claim.  See e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (dismissal of civil rights claim without amendment where it would be futile).

Secondly, the remainder of the Complaint is insufficient to reasonably enable Defendants to frame a responsive pleading, and, accordingly, Defendants' Motion for a More Definite Statement will be granted as to the remainder.

### IV. Order

**AND NOW, this 11th day of June, 2013,** after due consideration to Defendants' Motion to Dismiss or in the Alternative Motion for a More Definite Statement (ECF No. 22), **IT IS HEREBY ORDERED** that said Motion to Dismiss (ECF No. 22) is **GRANTED** in the form of dismissal as to any claim alleged under the Eighth Amendment and **GRANTED** in the form of Order for a More Definite Statement as to the remainder of the Complaint.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff file an Amended Complaint within thirty (30) days of the date of this Order. Given the procedural history of the case, and specifically Plaintiff's prior opportunities to amend, should he fail to do so, the case will be subject to dismissal.

Lisa Pupo Lenihan
Chief United States Chief Magistrate Judge

cc:
**JAMES WARREN**
KC-4200
SCI Fayette
50 Overlook Drive
Post Office Box 9999
LaBelle, PA 15450